IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOHN RICHARD ANDERSON | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | CASE NO. 5:17-CV- 00222-M-BQ |
| | § | |
| CONTINENTAL WESTERN | § | |
| INSURANCE COMPANY AND | § | |
| CHRISTOPHER LEE MICHELS, | § | |
| | § | |
| *Defendants*. | § | |

## PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, John Richard Anderson, files his motion to remand and brief in support, respectfully asking the Court to remand the case to state court for lack of subject matter jurisdiction.  In support of his motion, and pursuant to the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(c), Plaintiff would respectfully show the following:

### NATURE AND STAGE OF THE PROCEEDING

1.  John Richard Anderson (hereinafter "Plaintiff"), a Texas resident, is a named insured under a property insurance policy (hereinafter the "Policy") issued by Defendant Continental Western Insurance Company (hereinafter "Continental").  (Exhibit A, the Policy).  On or about June 5, 2016, a wind and hail storm hit the Borden County, Texas area, damaging Plaintiff's property and Plaintiff subsequently filed a claim under the Policy.   (Exhibit A, Plaintiff's Original Petition, ¶ 11-12)

2.      Christopher Lee Michels ("Michels"), a Texas resident, adjusted and sent correspondence to Plaintiff that denied Plaintiff's covered damages without ever inspecting the property or getting on the roof to inspect the property.  (Exhibit B, Adjustor's Estimated Damages) (Exhibits A, B, Plaintiff's Original Petition, ¶ 4, 15)   Michels based his decision to deny the claim on second hand information from an unlicensed inspector sent out to deny the claim.  *Id.*  Plaintiff alleges that Michels conducted a substandard investigation of the claim, failed to prepare a report that adequately described the reason for the denial, and undervalued and misrepresented the damages.  *Id.*   Michels' substandard, outcome-oriented investigation led to Continental's underpayment of Plaintiff's claim.  (Exhibit A)

3.      Consequently, Plaintiff filed suit against Continental and Michels in the 132nd Judicial District Court of Borden County, Texas, asserting various causes of action including violations of the insurance code arising out of Continental's and Michels' failure to adequately investigate and properly settle his claim for damages covered by the Policy.  (Exhibit A, Plaintiff's Original Petition, ¶ 34-41)   Continental answered.  (Defendant Continental Western Insurance Company's Answer to Plaintiff's Original Petition) On September 29, 2017, Continental removed the case to this Court, arguing that Michels was improperly joined, and, therefore, that his Texas domicile does not destroy diversity jurisdiction.  (Notice of Removal) Plaintiff moves to remand for lack of subject matter jurisdiction.

**ISSUE**

4.      The issue before the Court is whether Michels was properly joined as a Defendant in Plaintiff's suit against Continental.  If the Court finds that he was, it lacks subject matter jurisdiction and must remand to state court.

**ARGUMENT**

5.      The Court lacks subject matter jurisdiction over this case because Michels is domiciled in Texas, adjusts insurance claims in Texas, and Plaintiff has alleged valid causes of actions against him under Texas law.  (Exhibit A, Plaintiff's Original Petition, ¶ 4, 9, 34-41) The parties to this lawsuit were not diverse at the time of removal, and Michels was not improperly joined for the purpose of defeating diversity jurisdiction.

6.      Over time, multiple federal courts throughout the State of Texas have addressed the issue of improper joinder of an in-state adjuster in a number of cases virtually identical to this one.[1]  This court should remand this case just as many other federal courts have done recently based on similar facts alleged against in-state adjusters.[2]  Plaintiff respectfully asks this court to review several federal district court opinions attached hereto from just the last year remanding similar cases to state court.[3] (Exhibits C-G)

---

[1] *See*, e.g., *Boze Memorial, Inc. v. Travelers Lloyds Ins. Co.*, Civ. A. No. 3:12-cv-4363-M, 2013 WL 775362 (N.D. Tex. Feb. 28, 2013) (Lynn, J.) (remand granted where plaintiff filed claims for violations of Chapter 541 against in-state adjuster); *Landor v. State Form Lloyds*, Civ. A. No. 3:12-cv-4268-M, 2013 WL 1746003, (N.D. Tex. April 23, 2013) (Lynn, J.) (same); *Rogers v. Allstate Indem. Co*, Civ. A. No. 3:12-cv-04725-M, 2013 WL 2182661 (N.D. Tex. May 20, 2013) (Lynn, J.) (same); *W. States Asset Mgmt. Inc. v. AIX Specialty Ins. Co.*, Civ. A. 3:13-cv-00234-M, 2013 WL 3349514 (N.D. Tex. July 3, 2013) (Lynn, J.) (same).

[2] *Manziel et. al v. Seneca Ins. Co.*, No. 315-CV-03786-M, 2016 WL 3745686 (N.D. Tex. July 13, 2016); *Affordable Portable Structures v. Cincinnati Ins. Co.*, No. 1:16-CV-1267-RP, 2017 WL 2266903 (W.D. Tex. May 23, 2017) (citing *Blanchard v. State Farm Lloyds*, 206 F. Supp. 2d 840, 847 (S.D. Tex. 2001) ("holding allegations that adjuster hired biased engineering firm, disregarding evidence of damage, and failed to conduct a fair investigation showed reasonable possibility of actionable violations of the Texas Insurance Code.")).

[3] *See* Exhibit C.  "Memorandum and Order" issued in Civil Action No. 4:17-0438; *Henry Diep v. First Community Insurance Company, et al.*, In the United States District Court, Southern District of Texas, Houston Division, entered

3

7.     As a federal court opined just this month, any opinions reaching the opposite conclusion on adjuster liability are less well supported.[4]  Michels is a properly-joined defendant because: (1) Plaintiff has valid causes of action against him under Texas law; (2) the facts alleged in Plaintiff's Original Petition are sufficient to establish valid causes of action against Michels; and (3) the evidence attached to this motion further establishes a factual fit between Plaintiff's allegations and his causes of action against Michels. (Exhibits A, B, Plaintiff's Original Petition, ¶ 4, 15-32, 34-41) Because this case is not removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, this court should remand this action in line with other decisions of similar nature in federal district courts of Texas.

## A.     STANDARDS GOVERNING REMOVAL

8.     In removal cases, Continental as the removing party bears the significant burden of establishing the existence of federal jurisdiction.[5]  The Fifth Circuit has stressed that "[t]he doctrine of improper joinder is a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[6]  The removal statute is "subject to strict construction because a defendant's use of that statute deprives a state court of a

---

May 5, 2017; *see also* Exhibit D.  "Report and Recommendation" to Remand issued in Civil Action No. 4:16-CV00959-ALM; *Maurice Lugge v. Allstate Fire and Casualty Insurance Company and Jack Bryant*, In the United States District Court, Eastern District of Texas, Sherman Division, entered Feb. 10, 2017; *see also* Exhibit E. "Order of Remand" issued in Civil Action No. 5:17-CV-86-OLG; *Eisenhauer Road Market Center v. Scottsdale Insurance Company and Larry Richard Catt*, In the United States District Court, Western District of Texas, San Antonio Division, entered June 9, 2017; *see* also Exhibit F.  "Memorandum and Order" issued in Civil Action No. 4:17-CV-2038; *Lillie Jean Hooper v. Allstate Texas Lloyd's, et al.*, In the United State District Court of Texas, Southern District of Texas, Houston Division, entered October 6, 2017; *see also* Exhibit G.  "Findings, Conclusions, and Recommendation of the United States Magistrate Judge" issued in Civil Action No. 3:16-CV-3383-L; *Margaret Mary v. Allstate Texas Lloyd's and John Spruiell*, In the United States District Court, Northern District of Texas, Dallas Division, entered October 5, 2017.

[4] *Lillie Jean Hooper v. Allstate Texas Lloyd's, et al.*, No. 17-2038, S.D. Texas, 2017 U.S. Dist. LEXIS 165953).

[5] *See Manguno v. Prudential Prop. And Cos. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001); *Frank v. Bear Sterns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).

[6] *Campbell v. Stone lns., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).

case properly before it and thereby implicates important federalism concerns."[7]  Thus, removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.[8]

9.      In determining the propriety of removal, "the court must evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff' and resolve all ambiguities in the controlling state law in the plaintiff's favor.[9]  To determine whether jurisdiction is present for removal, the Court can only consider the claims and parties in the state court petition as they existed at the time of removal.[10]

10.      To establish that a non-diverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must prove either that (1) there has been actual fraud in the pleading of jurisdictional facts; or (2) that there is <u>no reasonable possibility</u> that the plaintiff will be able to establish a cause of action against that party in state court.[11]  Only the latter ground is at issue here, and the focus is on whether the plaintiff has asserted a valid state-law cause of action against the non-diverse defendant.[12]  The test is whether there is any reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.[13]

---

[7] *Bear Sterns*, 128 F.3d at 922.
[8] *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100. 107-09 (1941).
[9] *Id; see also Gutierrez v. Companion Pty, & Cas. Ins. Co.*, Civ. A. No. M-12-326, 2012 WL 5943617 (S.D. Tex. Nov. 27, 2012) (Alvarez, J.).
[10] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[11] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F. 3d 568, 573 (5th Cir. 2004) (en banc).
[12] *Id.*
[13] *Id.*

11.     If the plaintiff has <u>any possibility to recover</u> under state law against the non-diverse defendant, then the joinder is not fraudulent in fact or law.[14]  The court does not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a *possibility* that the plaintiff might do so.[15]  "Since the purpose of the improper joinder inquiry is to demonstrate whether or not the in-state defendant was properly joined, **the focus of the inquiry must be on the joinder, not on the merits of Plaintiff's case.**"[16]

12.     To make that determination, the Court must look to Plaintiff's factual allegations to determine whether the petition states a claim under state law against Michels, the in-state Defendant.[17]  "The burden of persuasion on those who claim ... [improper] joinder is a heavy one." Accordingly, all factual allegations in the state court petition must be considered in the light most favorable to the plaintiff, and contested fact issues are to be resolved in the plaintiff's favor.[18]

13.     To determine whether there is a reasonable basis to predict the plaintiff might recover against a defendant under state law, a court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[19]  "If the plaintiff can survive a Rule 12(b)(6) challenge, there [generally] is no improper joinder."[20]  When doing a Rule 12(b)(6) analysis as

---

[14] *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).
[15] *Id.*
[16] *Smallwood,* 385 F.3d at 568, (emphasis added).
[17] *Id.* at 573; *W. States,* 2013 WL 3349514, at *2; *Boze Memorial*, 2013 WL 775362, at *2.
[18] *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005)
[19] *Smallwood*, 385 F.3d at 573.
[20] *Id.*

part of an improper-joinder inquiry, a district court must heed the Fifth Circuit's instruction that "any doubt about the propriety of removal must be resolved in favor of remand."[21]

**B.  THERE WAS NO DIVERSITY AT TIME OF REMOVAL BECAUSE PLAINTIFF SUFFICIENTLY ALLEGED VALID CAUSES OF ACTION AGAINST MICHELS, AND THUS HAS A REASONABLE PROBABILITY TO RECOVER AGAINST HIM**

15.  There was not complete diversity of citizenship at all relevant times involved in this lawsuit because the Court can only consider the claims and parties in the state court petition as they existed at the time of removal.[22]

16.  At the time of removal, there was not complete diversity of citizenship between the parties because Michels is domiciled in and a citizen of the State of Texas.  (Plaintiff's Original Petition, ¶ 4) Continental has not met its "heavy burden" of proving Plaintiff has no possibility of recovering against Michels.   Therefore, Continental's argument that Michels was improperly added for the sole purpose of destroying federal jurisdiction is without merit.

17.  Plaintiff has sued Michels for violations of Chapter 541 of the Texas Insurance Code. (Plaintiff's Original Petition, ¶ 34-41)   Specifically, Plaintiff's Original Petition asserts the following causes of action against Michels:

**I.  Causes of Action Against Michels**

Continental assigned Michels to adjust this claim.  Michels was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages.  Michels did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof. Michels refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy.  The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated. (Exhibit A, Plaintiff's Original

---

[21] *Gasch v. Hartford Acc. & Indem. Co.,* 491 F. 3d 278, 281-82 (5th Cir. 2007).
[22] *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F. 3d 720, 723 (5th Cir. 2002).

Petition, ¶ 34).

### A.     Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

Defendant Michels' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE § 541.151. (Exhibit A, Plaintiff's Original Petition, ¶ 35)

Defendant Michels is individually liable for his unfair and deceptive acts, irrespective of the fact Michels was acting on behalf of Continental, because Michels is a "person" as defined by TEX. INS. CODE § 541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor."  TEX. INS. CODE § 541.002(2) (emphasis added).   (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)). (Exhibit A, Plaintiff's Original Petition, ¶ 36)

Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received.  Defendant Michels' unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060 (a)(1). (Exhibit A, Plaintiff's Original Petition, ¶ 37)

Defendant Michels' unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(2)(A). (Exhibit A, Plaintiff's Original Petition, ¶ 38)

Defendant Michels failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement.  Specifically, Defendant Michels failed to offer Plaintiff adequate compensation without any explanation as to why full payment

8

was not being made.  Furthermore, Defendant Michels did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(3). (Exhibit A, Plaintiff's Original Petition, ¶ 39)

Defendant Michels' unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(4). (Exhibit A, Plaintiff's Original Petition, ¶ 40)

Defendant Michels did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to Continental.  Defendant Michels' unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(7). (Exhibit A, Plaintiff's Original Petition, ¶ 41)

19.     Michels was assigned as an adjuster to handle and investigate Plaintiff's claim and determined the amount of damages Plaintiff was to receive.  (Exhibit A, Plaintiff's Original Petition, ¶ 15, 34) He was improperly trained and failed to perform a thorough investigation of the claim.  (*Id.*)  Michels set out to deny and/or underpay properly covered damages.  (Exhibits A, B, Plaintiff's Original Petition, ¶ 17)  Chapter 541, Subchapter A of the Texas Insurance Code (under which Michels is being sued) prohibits any "person" from engaging in deceptive practices in the business of insurance.[23]  The term "person" is defined as "any *individual*, corporation, association, partnership... and any other legal entity *engaged in the business of insurance*, including agents,

---

[23] TEX. INS. CODE §541.003.

brokers, ***adjusters*** and life insurance counselors."[24]   Thus, Chapter 541 specifically provides a private cause of action against adjusters like Michels that engage in unfair or deceptive acts.

20.     The Texas Supreme Court, the Fifth Circuit, and numerous U.S. district courts have recognized that adjusters, like Michels, can be held individually liable under Chapter 541 of the Texas Insurance Code.[25]   In *Garrison Contractors*, the Texas Supreme Court specifically held that the term "person," as defined in Chapter 541 (formerly Article 21.21[26]) of the Texas Insurance Code, is not limited to insurers.[27]   The term "person," for the purpose of placing liability, includes all individuals and company employees who are engaged in the business of insurance.[28]   Thus, the wrongful conduct of an insurance adjuster, whether independent of the insurer or in the insurer's employ, can give rise to the adjuster's personal liability.

21.     The Fifth Circuit and several federal courts in this district have followed the precedent set forth in *Garrison Contractors* and recognized that Chapter 541 authorizes causes of actions against adjusters in their individual capacity.[29]

---

[24] *Id*. at § 541.002 (emphasis added).

[25] See *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998); *Gasch v. Hartford*, 491 F.3d 278, 282 (5th Cir. 2007); *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co*., Civil Action No. H-10-1846, 2011 WL 240335, at *11 (S.D. Tex. Jan. 20, 2011) (Harmon, J.); see also *Linda Duvall vs. Allstate Insurance Company, et al*., Memorandum and Order, Civil A. No. H-03-5312, (S.D. Tex. Jan. 28, 2004) (Atlas, J.) (holding adjuster Olson, as Allstate's employee, had "engaged in the business of insurance"); *Cornman v. State Farm Lloyds*, 2001 WL 34098622, at *4 (S.D. Tex. Nov. 19, 2001) (adjuster can be held liable); *Gutierrez*, 2012 WL 5943617 at *3.

[26] Both *Garrison Contractors* and *Gasch* were decided under Article 21.21 of the Texas Insurance Code, rather than Chapter 541. However, Chapter 541 was simply a re-codification of Article 21.21. Acts 2003, 78th Leg. R.S., Ch. 1274, H.B. 2922. Further, the Texas Legislature expressly pronounced that Chapter 541 was enacted as a non-substantive revision of Article 21.21.  *Id.*

[27] *Garrison Contractors*, 966 S.W.2d at 482-87.

[28] *Id.*

[29] *Gasch*, 491 F.3d at 287; see, *e.q., Boze Memorial*, 2013 WL 775362; *Landor*, 2013 WL 1746003.

10

22.     The Texas Supreme Court has held that the business of insurance "includes the investigation and adjustment of claims and losses."[30] Because Texas law recognizes that an adjuster can potentially be liable for Texas Insurance Code violations, the sole issue before this Court is whether Plaintiff has stated a viable claim against Michels.  Texas law is clear that Michels can be held individually liable for the causes of actions Plaintiff asserted against him, and Continental does not attempt to claim otherwise.  In fact, Continental does not claim that the causes of action asserted against Michels in Plaintiff's Original Petition are *invalid*, but merely that Plaintiff's pleading contains allegations that are insufficient to state a potential right for relief against Michels.  (Notice of Removal) Thus, the only remaining issues are whether (a) Plaintiff's Original Petition alleges sufficient facts to state a claim under Chapter 541 against Michels; and/or (b) the evidence attached to this motion to remand establishes a probable right to recover against Michels under the causes of action asserted against him.

23.     Plaintiff alleged specific and discrete facts against Michels that are sufficient to support Plaintiff's Chapter 541 causes of action, under a "Rule 12(b)(6)-*type* analysis.  (Exhibit A, Plaintiff's Original Petition, ¶ 34-41) In what appears to be a stock argument by Continental in its notice of removal, it boldly and inaccurately claims that Plaintiff's allegations are "vague and conclusory recitation of claims with little to no factual support."  (Notice of Removal, ¶ 7)

24.     Contrary to Continental's stock argument, Plaintiff's Original Petition asserts sufficient factual allegations against Michels himself:

---

[30] *Martinez v. State Farm Lloyds*, No. 3:16-CV-00040-M, 2016 WL 4427489, at *2 (N.D. Tex. Aug. 22, 2016) (citing *Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1988); *Roach v. Vehicle*, No. 3:15-CV-3228-G, 2016 WL 795967, at *4 (N.D. Tex. Feb. 29, 2016); *Centaurus Unity v. Lexington Ins. Co.*, 766 F. Supp. 2d 780, 787 (S.D. Tex. 2011) (quoting *Vail v. Texas Farm Bureau Mutual Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1998)).

On or about June 5, 2016, a hail storm and/or windstorm struck Borden County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property.  The Storm damaged the Property including extensive damage to Plaintiff's roof, interior and other property.  (Exhibit A, Plaintiff's Original Petition, ¶ 13)

Defendant Continental assigned Michels as the individual adjuster ("the adjuster") on the claim.  The adjuster denied the claim without ever inspecting the property or getting on the roof to inspect the property.  Instead, Michaels based his claim decision on second hand information from an unlicensed inspector sent out to deny the claim.  Michaels [sic] failed to perform a thorough investigation of the claim by never inspecting the property.  The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report.  The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.  (Exhibit A, Plaintiff's Original Petition, ¶ 15)

Continental and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim.  As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages. (Exhibit A, Plaintiff's Original Petition, ¶ 16)

Together, Defendants set about to deny and/or underpay on properly covered damages.  Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim.  As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages.  The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages.  To this date, Plaintiff has yet to receive the full payment that he is entitled to under the Policy.  (Exhibit A, Plaintiff's Original Petition, ¶ 17)

25.     Under federal pleading standards, Plaintiff's Original Petition unquestionably establishes a reasonable basis for this Court to predict that Plaintiff might be able to recover against Michels.  Continental assigned Michels to investigate Plaintiff's claim.  Michels conducted a substandard investigation of Plaintiff's property by failing to even inspect the property or get on the roof to inspect it, prepared an estimate/report that failed to include all the covered damages to Plaintiff's property because he relied upon second hand information from an unlicensed inspector,

and undervalued then actively misrepresented the extent of damages sustained by Plaintiff to his property as a result of the hail storm.  Accordingly, the Court should remand.

26.    This result is consistent with other Texas district court opinions with similar facts and claims.[31]  Some of these cases dealt with Hurricane Ike claims in which the plaintiff brought claims similar to those in the present action against an insurance company and a non-diverse, instate claims adjuster.[32]  "In each case the defendant failed to present evidence showing that the plaintiff had no reasonable possibility of recovering against the instate defendant, and in each case the court remanded the action to state court."[33]  Multiple courts have repeatedly granted remand on the basis of virtually identical factual allegations made against an in-state adjuster.[34]

27.    Conversely, in the cases in which the remand has generally been denied, the defendants have provided some evidence strongly showing that recovery against the instate adjuster would be unlikely.[35]  Continental has no such evidence to present.  The only basis it cites

---

[31] See *Davis v. Travelers Lloyds of Texas Ins. Co.*, Civ. A. No. H-09-2260, 2009 WL 3255093 (S.D. Tex. Sept. 29, 2009); *Leisure Life Senior Apartment Housing II, Ltd. v. Lloyds of London*, Civ. A. No. H-09-3067, 2009 WL 3834407 (S.D. Tex. Nov. 12, 2009); *CD Mgmt. Corp. v. Nationwide Prop. & Cos. Ins. Co.*, No. H-09-1701, 2009 WL 9072641 (S.D. Tex. July 29, 2009); *Harris v. Allstate Tex. Lloyd's*, Civ. A. No. H-10-0753, 2010 WL1790744, at *4 (S.D. Tex. April 30, 2010). *Royal Architectural Prods. Ltd. v. Acadia Ins. Co.*, No. 2:16-CV-00265, 2015 WL 7313405 (N.D. Tex. Nov. 19, 2016); *Manziel v. Seneca Ins. Co.*, No. 3:15-CV-03786-M, 2016 WL 3745686 (N.D. Tex. Jul. 13, 2016); *Exchange Servs., Inc. v. Seneca Ins. Co.*, No. 3:15-CV-01873-M, 2015 WL 6163383 (N.D. Tex. Oct. 16, 2015); *Chen v. Metropolitan Lloyds Ins. Co. of Tex.*, No. 4:15-CV-00501-RC-DBB, 2016 WL 675805 (E.D. Tex. Feb. 19, 2016) (adjuster conducted a substandard and improper inspection of the property that grossly undervalued cost of repairs and yielded unrealistic amount to underpay coverage); *Roach v. Allstate Vehicle & Prop. Ins. Co.*, No. 3:15-3228-G, 2016 WL 795967 (N.D. Tex. Feb. 29, 2016) (adjuster failed to effectuate equitable settlement conducing a substandard inspection, failing to include many of the damages in his report, misrepresenting cause of, scope and cost to repair damages, and making other specified misrepresentations upon which insured relied)

[32] *Harris v. Allstate*, 2010 WL 1790744 at *4.

[33] *Id.*

[34] *Boze Memorial*, 2013 WL 775362 (granting remand where plaintiff filed claims for violations of Chapter 541 against in-state adjuster); *Landor*, 2013 WL 1746003 (same); *Rogers*, 2013 WL 2182661 (same); *W. States*, 2013 WL 3349514 (same).

[35] *See Jimenez v. Travelers Indemnity Company*, 2010 WL 1257802, at *4 (S.D. Tex. Mar. 25, 2010) (Harmon, J.) (denying remand where the instate adjuster named as the defendant was not the adjuster who had analyzed and denied the claim); *Lakewood Chiropractic Clinic v. Travelers Lloyds Insurance Company*, Civ. A. No. H-09-1728, 2009 WL 3602043, at *4 (S. D. Tex. Oct. 27, 2009) (same); *Frisby v. Lumbermens Mutual Casualty Company*, 2007 WL

for removal is the lack of specificity in Plaintiff's petition regarding the wrongdoings perpetrated by Michels. (Notice of Removal) This threadbare, conclusory allegation is not sufficient for Continental to meet its "heavy burden" of proving that Plaintiff has no reasonable basis to recover against Michels. Thus, this Court should remand this case to state court because Michels is clearly a person potentially liable under the Texas Insurance Code.

### C.   PLAINTIFF'S SUMMARY-JUDGMENT-TYPE EVIDENCE FURTHER PROVES THAT PLAINTIFF HAS A POSSIBILITY TO RECOVER AGAINST MICHELS UNDER TEXAS LAW

28.     Not only does Continental have no evidence to prove that recovery against Michels would be unlikely, Plaintiff's Exhibits A and B to this motion effectively disprove that argument in favor of removal. (Exhibits A, B)

29.     This Court may predict whether Plaintiff has a reasonable basis of recovery under Texas law in one of two ways, but it must use only one of them, not neither or both.[36] The Court may either (a) conduct a 12(b)(6)-type analysis to determine if the non-diverse defendant has been improperly joined or (b) pierce the pleadings to conduct a summary inquiry.[37] There are cases in which a further inquiry is appropriate to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[38] Therefore, the Court may also pierce the pleadings to consider Plaintiff's exhibits to this motion.[39] Although this process somewhat imitates a summary judgment, this Court's focus should remain narrowly

---

2300331, at *5 (S.D. Tex.) (denying remand where the defendant presented deposition testimony by the Plaintiff that the instate defendant "never made any untrue statements to him, never failed to tell him an important fact, and never made a statement in a way that led him to a false conclusion"); *Centro Christiano*, 2011 WL 240335 at *14 (denying remand when evidence submitted by defendant insurer in uncontested adjuster's affidavit showed the adjuster's work was limited to inspecting the insured's property and providing the carrier with a repair estimate).
[36] *Energy Ventures Management LLC v. United Energy Group Ltd*, 818 F.3d 193, 200-202 (5th Cir. 2016).
[37] *Id.*
[38] *Smallwood*, 385 F.3d at 573-74; see, e.g., *Guillory* 434 F.3d at 311.
[39] *Smallwood*, 385 F.3d at 574.

tailored to assessing whether or not Michels is properly joined and not engage in a merits inquiry of the Plaintiff's action.[40]  Moreover, this Court should view all factual allegations in the light most favorable to Plaintiff, and any contested issues of fact or ambiguities of state law must be resolved in favor or remand.[41]

30.     While Continental claims that Plaintiff failed to plead a claim for relief against under Texas law against Michels, Plaintiff urges this Court to find otherwise based on the following factual allegations found in the Plaintiff's Original Petition and the attached Policy and Adjuster's Estimate.  Specifically, Plaintiff alleges that Michels failed to inspect the property, performed a substandard or "outcome oriented" investigation of the claim, and engaged in unfair and deceptive acts. (Exhibit A, Plaintiff's Original Petition, ¶ 15, 34-41) Michels denied Plaintiff's claims because he <u>never</u> inspected the property, but instead, relied on second hand information from an unlicensed inspector known to provide result orient reports favorable to insurance companies and purposefully sent out to deny the claim.  (*Id.* at ¶ 13, 34).  Plaintiff further alleges that Michels acted in bad faith by grossly undervaluing damages and by not allowing for adequate funds to cover the cost of repairs to all damages sustained.  (*Id.* at ¶ 15, 34-41, Exhibits A, B) Michels' substandard investigation resulted in a biased evaluation which severely underestimated Plaintiff's damages.  (*Id.*)  Additionally, Michels engaged in unfair settlement practices by failing within a reasonable time to affirm or deny coverage and failing to submit a reservations of rights to Plaintiff.  (*Id.*).   It is clear from this evidence that Michels severely undervalued and misrepresented the extent of damage to Plaintiff's property, and engaged in unfair and deceptive

---

[40] *Id.* at 573-74.
[41] *Guillory*, 434 F.3d at 308.

settlement practices.  Michels' damage estimate sent to Plaintiff also provides the Court with direct evidence of Michels' misrepresentations of coverage and damages.  (Exhibits A, B).

31.     Recently, Chief Judge Barbara M. G. Lynn in the Dallas Divisions of the Northern District of Texas, issued an opinion finding a reasonable basis to predict that an insured might be able to recover against an adjuster in a roofing hail damage case.[42]   The judge reviewed the allegations against the adjuster alleging the following:

> Keefer failed to prepare any estimates or scopes of damage to the Property.  Instead, Keefer falsely represented that there was no hail damage to the Property. Additionally, Keefer retained an engineer to assess damages to the Property; that engineer was inadequate to evaluate the damage.  Keefer refused to provide the report of findings to Oil Palace.  Throughout the claims process Keefer failed to respond to emails or provide updates to Oil Palace, prolonging and delaying any claims resolution.  As a result…[Oil Palace] was forced to hire its own consultants and representatives [,who] point[ed] out obvious damages that [Keefer} continued to ignore.[43]

32.     The *Manziel* court found these factual allegations sufficient under the federal pleading standard to state a claim against the adjuster under the Texas Insurance Code.[44]   Here, Plaintiff has pled factual allegations similar to those found to be sufficient in *Manziel*.   Arguably, Plaintiff's pleadings actually contain even more detailed factual allegations of adjustor Michels than those in *Manziel*.   Michels acted in bad faith and engaged in unfair practices by relying on a second hand report of an engineer hired to inspect the property who does not have an adjusting license and who does not provide insurance or adjusting services.

---

[42] *Manziel et. al v. Seneca Ins. Co.*, No. 315-CV-03786-M, 2016 WL 3745686 (N.D. Tex. July 13, 2016).
[43] *Id.*
[44] *Id.*

33.     In May 2017, the Austin Division of the Western District of Texas in *Affordable Portable Structures v. Cincinnati Insurance Company*, ruled in favor of the Plaintiff remanding the case back to state court because the Plaintiff "plausibly suggests liability under the Texas Insurance Code."[45]   The court addressed the disagreement between the parties concerning the circumstances under which personal liability attaches to an adjuster, and concluded that it was enough for Plaintiff to allege that the adjuster knew the damage estimate was unfair and inadequate.[46]   Here, for example, Plaintiff made similar allegations that Michels failed to conduct a fair investigation with allegations that he conducted an "outcome oriented investigation," spent "an inadequate amount of time inspecting" the property, drafted a "biased evaluation" by disregarding evidence of Plaintiff's damages."   (Exhibit A ¶ 15, 34-41) Michels relied upon the report of an engineering firm with knowledge that the firm would unfairly investigate Plaintiff's damages.  (*Id.*)

34.     Just as recent as this month, a court in the Southern District of Texas opined that the weight of authority favors the court's holding that adjusters may be found individually liable under the Texas Insurance Code.[47]   This court also acknowledged that federal courts have repeatedly remanded cases involving Insurance Code claims against adjusters and that the decisions reaching the opposite conclusion on adjuster liability are less well supported.[48]   Further,

---

[45] *Affordable Portable Structures v. Cincinnati Ins. Co.*, No. 1:16-CV-1267-RP, 2017 WL 2266903 (W.D. Tex. May 23, 2017).

[46] *Id.* (citing *Blanchard v. State Farm Lloyds,* 206 F. Supp. 2d 840, 847 (S.D. Tex. 2001) ("holding allegations that adjuster hired biased engineering firm, disregarding evidence of damage, and failed to conduct a fair investigation showed reasonable possibility of actionable violations of the Texas Insurance Code.")).

[47] *Lillie Jean Hooper v. Allstate Texas Lloyd's, et al.,* No. 17-2038, S.D. Texas, 2017 U.S. Dist. LEXIS 165953) (remanding an insured's suit seeking coverage and damages related to the denial of a claim for water and storm damage because the insured's claims against the under were viable under the Texas Insurance Code.).

[48] *Id.*

the court concluded that when a decisive question of state law is in dispute, it must be resolved in favor of remand since ambiguities are construed against removal and in favor of remand to state court.[49]

35.     As proven by Exhibits A and B, the facts and allegations in Plaintiff's Original Petition are not merely pretexts to defeat diversity jurisdiction.  Rather, all of Plaintiff's factual allegations against Michels are supported by objective evidence.[50]  (Exhibits A, B)  The necessary "factual fit" between Plaintiff's allegations and the causes of action plead against Michels exists and establishes a reasonable basis for predicting that Texas law might impose liability on these facts involved.[51]  Plaintiff alleges that Michels misrepresented the amount of damage and the costs of repair, that in bad faith he intentionally denied that the damage was within the scope of Plaintiff's policy, and that Michel's evaluation of the claim was based solely on second hand information from an unlicensed inspector.  Continental did not and cannot meet the heavy burden of proving that Plaintiff has no possibility to recover on the valid causes of action asserted against Michels.  Therefore, Continental cannot prove that Michels' joinder is improper, and, as such, the Court must remand this case to state court.

---

[49] *Id.*

[50] "[T]he court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff truly has a reasonable possibility of recovery in state court." *Flores v. Wal-Mart Stores Texas, L.L.C.*, No. CV B-16-73, 2016 WL 3794761, at *3 (S.D. Tex. June 17, 2016), *report and recommendation adopted,* No. CV B-16-073, 2016 WL 3826288 (S.D. Tex. July 12, 2016) citing (*Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004)).

[51] See *Badon v. RJR Banisco, Inc.*, 236 F.3d 282, 285-86 (5th Cir. 2001); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993).

**ATTORNEY'S FEES**

35.     Due to Continental's complete disregard of the case law in this district, of the facts of the case, and of the costs and fees that accrued due to its improper removal, Plaintiff additionally respectfully requests that he be awarded attorney's fees and costs for remand

**CONCLUSION**

36.     The Court should remand this case to the 132nd Judicial District Court of Borden County, Texas.  Federal jurisdiction under 28 U.S.C. § 1332 requires the removing party to state facts showing a complete diversity of citizenship.  Continental failed to establish complete diversity and failed to prove Michels was improperly joined to destroy diversity of citizenship. Therefore, this Court lacks subject matter jurisdiction and remand is required.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this Honorable Court to grant his Motion to Remand, remand this cause to state court, and grant any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.  Plaintiff additionally respectfully requests that he be awarded attorney's fees and costs for remand.


Respectfully submitted,


By:     */s/ Matthew J. Worrall*
        **Matthew J. Worrall**
        SBN: 24070883
        FBN: 2148714
        **WORRALL LAW GROUP, PLLC**
        1770 Saint James Place, Suite 100
        Houston, Texas 77056
        Telephone (713) 523-5500
        Facsimile (713) 583-3411
        Email: mworrall@worralllaw.com

**ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF CONFERENCE**

A conference was held on October 17, 2017, on the merits of this Motion:

_____    I have been unsuccessful in my attempts to contact the attorneys for the Defendants.

_____    I have been unsuccessful in my attempts to discuss this matter with the Defendant's attorney as said attorney has not returned my telephone calls or responded to my letter.

____X_____    This matter has been discussed with opposing counsel and no agreement of the motion could be reached.

_____    Defendant's attorney has agreed or is unopposed to Movant's request under this Motion.

*/s/ Matthew J. Worrall*
Matthew J. Worrall

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2017, a true and correct copy of the foregoing was served on all counsel of record by ECF in accordance with the Federal Rules of Civil Procedure.

*/s/Matthew J. Worrall*
**Matthew J. Worrall**