IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| **JOHN RICHARD ANDERSON** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| V. | § | CASE NO. 5:17-CV- 00222-M-BQ |
| | § | |
| **CONTINENTAL WESTERN** | § | |
| **INSURANCE COMPANY, BERKLEY** | § | |
| **NATIONAL INSURANCE COMPANY** | § | |
| **F/K/A UNION STANDARD INSURANCE** | § | |
| **COMPANY, AND CHRISTOPHER** | § | |
| **LEE MICHELS,** | § | |
| | § | |
| **Defendants** | § | |

**REPLY IN SUPPORT OF DEFENDANT CHRISTOPHER LEE MICHELS'
MOTION TO DISMISS**

Defendant Christopher Lee Michels ("Michels") files this Reply in Support of his Motion to Dismiss, asserting that Plaintiff fails to state a claim upon which relief can be granted against him and that Plaintiff's claims against him should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Michels would respectfully show the Court the following:

**I.    ARGUMENTS AND AUTHORITIES**

The allegations in Plaintiff's Original Petition against Michels do not establish a plausible right to relief. The essential elements of each cause of action are not supported by facts sufficient to allow this Court to infer a reasonable basis of recovery. Bare legal conclusions, such as those made against Michels in Plaintiff's Original Petition and reiterated in Plaintiff's Response to Michels' Motion to Dismiss (Doc. 19), that are unsupported by factual underpinnings do not state a viable claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). To survive a motion to

dismiss for failure to state a claim, a plaintiff's pleading must present facts that allow the Court to infer Plaintiff's alleged right to relief is plausible. *Id.* at 1950.

To determine whether Plaintiff has a reasonable basis for recovery, the court evaluates the pleading under the federal court pleading standard. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Rule 8(1)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Further, allegations of fraud and misrepresentation must comply with Rule 9(b) of the Federal Rules of Civil Procedure. Compliance with Rule 9(b) "requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724, *modified on other grounds*, 355 F.3d 356 (5th Cir. 2003).

As part of its analysis, the court first separates conclusory allegations from well-pled facts and then determines whether the well-pled factual allegations, assuming they are true, "plausibly give rise to an entitlement of relief." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). In this case, Plaintiff's allegations are nothing more than conclusory statements peppered with language from the statutes that do not amount well-pled facts.

### A. Plaintiff fails to allege requisite facts to support claims for violations of Chapter 541 of the Texas Insurance Code.

The essence of Plaintiff's complains is that Michels misrepresented the extent of damages to Plaintiff's property. Such claims "alleging violations of the Texas Insurance Code … are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *see also Bige, Inc. v. Penn-America Ins. Co.*, 2015 U.S. Dist. LEXIS 119357, *9-10, 2015 WL 5227726 (W.D. Tex. Sept. 8, 2015) ("Texas district courts, however,

consistently apply Rule 9(b)'s requirements to claims under the Texas Insurance Code.") That is, Rule 9(b) "requires 'the who, what, when, where, and how' be laid out." *Benchmark Elecs.*, 343 F.3d at 724. In the context of insurance, to be actionable, a misrepresentation must be both specific and affirmative. *See Metro Hospitality Partners, Ltd. v. Lexington Ins. Company*, 84 F.Supp.3d 553, 573 (S.D. Tex. 2015) (Rosenthal, J.). Moreover, "[t]he misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage." *Elizondo v. Metro. Lloyds Ins. Co. of Tex.*, 2016 WL 4182729, at *3 (E.D. Tex. Aug. 8, 2016). As demonstrated below, Plaintiff fails to allege sufficient facts to support such a violation.

Plaintiff's pleading merely tracks the statutory language with conclusory allegations that Michels violated the statutes. *See* Doc. 1 at 11-18 (Plaintiff's Original Petition at 3-10). Plaintiff's Response to Michels' Motion to Dismiss repeats the conclusory allegations from Plaintiff's Original Petition, again failing to point out with particularity the who, what, when, where and how of why Plaintiff is entitled to relief. *See* Doc. 19 at 3-4. Further, Plaintiff also fails to allege sufficient facts to show it relied on or was damaged by the alleged misrepresentations. Thus, Plaintiff fails to state a claim on the misrepresentations it alleges Michels made in violation of the Texas Insurance Code. *See Partain v. Mid-Continent Specialty Ins. Services, Inc.*, 838 F. Supp. 2d 547, 561 (S.D. Tex. 2012), *aff'd sub nom. Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388 (5th Cir. 2014)(granting 12(b)(6) motion to dismiss when the plaintiff failed to plead reliance and causation on allegedly false statements).

While this Court and others have concluded an adjuster may be liable for a violations of certain provisions of the Texas Insurance code, "[t]hat conclusion, however, does not relieve plaintiffs of their responsibility to 'plead[] factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas*, 2015 U.S.

Dist. LEXIS 150130, at *9-10. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Moreover, "[c]onclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not improperly joined." *Vazquez*, 2012 U.S. Dist. LEXIS 94460, at *9 (quoting *Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704, 708 (S.D. Miss. 2004)) (internal quotation marks omitted).

In this case, Plaintiff's pleading regarding the basis of his claims against Michels are conclusory statements that fail to meet the applicable standards of Rules 8(a) and 9(b). An allegation is conclusory when it expresses a "factual inference without stating the underlying facts on which the inference is based." *Merritt Hawkins & Assocs., LLC v. Gresham*, 948 F. Supp. 2d 671, 675 (N.D. Tex. June 7, 2013) (quoting Black's Law Dictionary 329 (9th ed. 2009)) (internal quotation marks omitted). Plaintiff's pleading fails to supply underlying facts showing a plausible right to relief from Plaintiff's assertions, making his allegations conclusory. The allegations in Plaintiff's Original Petition and repeated in Plaintiff's Response to Michels' Motion to Dismiss are conclusory statements that Michels violated certain statutes or otherwise do not show how his individual conduct violated statute. Similarly, Plaintiff does not provide "allegations of the particulars of time, place, and contents" of any alleged false representations. *Benchmark*, 343 F.3d 719 at 724.

### B. The conduct alleged by Plaintiff does not support a claim for violations of Chapter 541 of the Texas Insurance Code against Michels.

For Michels to be held liable in his individual capacity for violations of Chapter 541 of the Texas Insurance Code, he must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage. *See Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp. 3d 721, 724 (N.D. Tex. 2014). Plaintiff's Original Petition fails to allege

facts sufficient to allow this Court to find Michels liable for any statutory violation. *See* Doc. 1 at 16-18 (Plaintiff's Original Petition 8-10). For example, Plaintiff fails to identify the material facts purportedly misrepresented by Michels, and makes well-pled allegations supporting this proposition.  Plaintiff also fails to make a distinction between the conduct of Michels and the other Defendant by alleging in a collective fashion certain alleged misrepresentations.  *See* Doc. 1 at 17, ¶37.  Not only does Plaintiff fail to distinguish which Defendant made the alleged misrepresentations, the conduct alleged is either conclusory or otherwise fails to show relief against Michels individually is plausible. *Id.* Plaintiff likewise fails to plead facts demonstrating either when or how liability under the Policy was reasonably clear or showing Michels had the authority to effectuate a settlement. *See Messersmith*, 10 F. Supp. 3d at 724 (holding that it is the carrier that determines coverage and payment of claims). Plaintiff only makes conclusory allegations that Michels conducted an unreasonable investigation. At most, Plaintiff's allegations against Michels are conclusory recitations of some elements of a claim for violating the Texas Insurance Code that do not give rise to liability due to the failure of Plaintiff to enhance his generic pleadings with any actionable facts. *See Plascencia v. State Farm Lloyds et. al.*, No. 4:14-cv-524-A, 2014 U.S. Dist. LEXIS 135081 (N.D. Tex. Sept. 25, 2014).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Michels respectfully requests dismissal of Plaintiff's claims against him for violations of the Texas Insurance Code as stated in Plaintiff's pleading and for any such other and further relief to which he may be justly entitled.

**REPLY IN SUPPORT OF DEFENDANT
CHRISTOPHER LEE MICHELS'
MOTION TO DISMISS**
2725129v.1

Respectfully submitted,

/s/Jennifer G. Martin
**JENNIFER G. MARTIN**
Texas State Bar No. 00794233
Email: Jennifer.Martin@wilsonelser.com
**MICHAEL D. ROSE**
Texas State Bar No. 24035610
Email:  Michael.Rose@wilsonelser.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
(214) 698-8000 Phone
(214) 698-1101 Facsimile

**ATTORNEYS FOR DEFENDANTS CONTINENTAL WESTERN INSURANCE COMPANY, BERKLEY NATIONAL INSURANCE COMPANY F/K/A UNION STANDARD INSURANCE COMPANY, AND CHRISTOPHER LEE MICHELS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record in accordance with the Federal Rules of Civil Procedure, on this 3rd day of November, 2017.

Matthew J. Worrall
WORRALL LAW GROUP, PLLC
1770 St. James Place, Ste. 100
Houston, Texas 77056
Telephone (713) 523-5500
Fax (713) 583-3411
Email: mworrall@worralllaw.com
Attorneys for Plaintiff

*/s/ Jennifer G. Martin*_____
**JENNIFER G. MARTIN**