IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOHN RICHARD ANDERSON | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| V. | § | CASE NO. 5:17-CV- 00222-M-BQ |
| | § | |
| CONTINENTAL WESTERN | § | |
| INSURANCE COMPANY AND | § | |
| CHRISTOPHER LEE MICHELS | § | |
| | § | |
| **Defendants** | § | |

---

## DEFENDANT CONTINENTAL WESTERN INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT

---

Respectfully submitted,

/s/ Jennifer G. Martin
**JENNIFER G. MARTIN**
Texas State Bar No. 00794233
Email: Jennifer.Martin@wilsonelser.com
**MICHAEL D. ROSE**
Texas State Bar No. 24035610
Email: Michael.Rose@wilsonelser.com

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
(214) 698-8000 Phone
(214) 698-1101 Facsimile

**ATTORNEYS FOR DEFENDANTS CONTINENTAL WESTERN INSURANCE COMPANY, AND CHRISTOPHER LEE MICHELS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES                                                                 iii

RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND          1

BRIEF IN SUPPORT                                                                    1

STANDARD FOR REMOVAL                                                               2

ARGUMENT & AUTHORITIES                                                             2

       Plaintiff Fails to State a Valid State Law Cause of Action Against
       Michels                                                                    4

CONCLUSION                                                                          14

PRAYER                                                                              15

CERTIFICATE OF SERVICE                                                             16

## TABLE OF AUTHORITIES

**Cases**                                                                                       **Page(s)**

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)                                                  3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)                                             4

*Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724,
    355 F.3d 356 (5th Cir. 2003)                                                6

*Bige, Inc. v. Penn-America Ins. Co.*, 2015 U.S. Dist. LEXIS 119357,
    2015 WL 5227726 (W.D. Tex. Sep. 8, 2015)                                        6

*Childs v. State Farm Mut. Auto, Ins. Co.*, 29 F.3d 1018, 1027 (5th Cir. 1994)                    14

*DTND Sierra Invs. LLC v. Bank of Am., N.A.*, 871 F. Supp. 2d 567
    (W.D. Tex. 2012)                                                               6

*Elizondo v. Metro. Lloyds Ins. Co. of Tex.*, 2016 WL 4182729
    (E.D. Tex. Aug. 8, 2016)                                                        7

*Ferguson v. Sec. Life of Denver Ins. Co.*, 996 F. Supp. 597, 604
    (N.D. Tex. 1998)                                                              14

*Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)                       6

*First Baptist Church of Mauriceville v. Guide One*, 2008 WL 4533729
    (E.D. Tex Sept. 29, 2008)                                                      15

*Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742
    (S.D. Tex. 1998)                                                               6

*Gibson v. Liberty Ins. Corp.*, 2017 WL 3267028
    (N.D. Tex. July 31, 2017)                                                      14

*Graper v. Mid-Continent Cas. Co.*, 756 F.3d. 388 (5th Cir. 2014)                                  7

*Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999)                                        3

*Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*,
    818 F.3d 193 (5th Cir. 2016)                                                   3

*Kris Hospitality LLC v. Tri-State Ins. Co of Minn.*, No. SA-16-CV-01229-XR,
    2017 WL 437424 (W.D. Tex. Jan. 31, 2017)                                       3

*Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006)
                                                                                   3

| **Cases** | **Page(s)** |
|---|---|
| *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) | 13 |
| *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) | 13 |
| *Merritt Hawkins & Assocs., LLC v. Gresham*, 948 F. Supp. 2d 671<br>(N.D. Tex. June 7, 2013) | 9 |
| *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721 (N.D. Tex. 2014) | 5 |
| *Metro Hospitality Partners, Ltd. v. Lexington Ins. Company*, 84 F.Supp.3d 553, 573<br>(S.D. Tex. 2015) | 7 |
| *Moore v. State Farm Mut. Auto Ins. Co.*, 2012 U.S. Dist. LEXIS 127564<br>(S.D. Tex. Sept. 6, 2012) | 3 |
| *Partain v. Mid-Continent Specialty Ins. Services, Inc.*, 838 F. Supp. 2d 547, 561<br>(S.D. Tex 2012) | 7 |
| *Patton v. ADESA Tex., Inc.*, 985 F.Supp.2d 818 (N.D. Tex. Dec. 4, 2013) | 14 |
| *Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704, 708 (S.D. Miss. 2004) | 9 |
| *Richardson East Baptist Church v. Phila. Indem. Ins. Co.*, 2016 Tex. App.<br>LEXIS 3267 (Tex. App.--Dallas 2016, no pet.) | 10 |
| *Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003) | 3 |
| *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006) | 9, 11, 12 |
| *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) | 3, 12 |
| *Thomas v. State Farm Lloyds*, No. 3:15-cv-1937-B, 2015 U.S. Dist.<br>LEXIS 150130, (N.D. Tex. Nov. 4, 2015) | 7, 9 |
| *TMV, LLC v. Choice Mech., Inc.*, 2014 WL 4358482<br>(N.D. Tex. Sept. 3, 2014) | 14 |
| *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000) | 13 |
| *Vasquez v. Wal-Mart. Assocs., Inc.*, No. 3:11-cv-2739-G, 2012 U.S.<br>Dist. LEXIS 94460, (N.D. Tex. July 9, 2012) | 9 |
| *Western States Asset Mgmt. v. AIX Specialty Ins. Co.*, 2013 WL 3349514<br>(N.D. Tex. July 3, 2013) | 14 |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

**Statutes**                                                    **Page(s)**

Texas Insurance Code § 541                                      2, 4-5, 7-8,
                                                                10-12

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOHN RICHARD ANDERSON | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| V. | § | CASE NO. 5:17-CV- 00222-M-BQ |
| | § | |
| CONTINENTAL WESTERN | § | |
| INSURANCE COMPANY AND | § | |
| CHRISTOPHER LEE MICHELS | § | |
| | § | |
| **Defendants** | § | |

## DEFENDANT CONTINENTAL WESTERN INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT

TO THE HONORABLE UNITE STATES DISTRICT COURT:

Defendant Continental Western Insurance Company hereby files this Response in Opposition to Plaintiff's Motion to Remand and Brief in Support and respectfully shows the Court as follows:

### RESPONSE IN OPPOSITION TO MOTION TO REMAND

Defendant Continental Western Insurance Company ("Continental") respectfully shows this Court that Plaintiff's Motion to Remand should be denied because Christopher Lee Michels ("Michels") is improperly joined for the sole purpose of defeating diversity jurisdiction. Plaintiff's generic and conclusory allegations fail to state a claim against Michels upon which relief can be granted.

### BACKGROUND

This lawsuit arises out of an insurance claim for property damage allegedly resulting from a June 5, 2016 storm. Plaintiff submitted a claim under a policy of insurance issued by Continental for

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**                                    Page 1

loss resulting from damage to Plaintiff's property. *See* Doc. 19-1. Dissatisfied with the handling and results of the claim, Plaintiff filed suit against Continental and Christopher Lee Michels ("Michels") for violations of Chapter 541 of the Texas Insurance Code. *See id.* at 8-10. Continental timely removed the case to federal court on the basis of diversity jurisdiction, positing that the Texas citizenship of Michels should be disregarded for the purpose of determining this Court's jurisdiction because Michels was improperly joined. Plaintiff now asks this Court to remand the case, arguing that Michels was not improperly joined. For the reasons detailed below, Continental would respectfully show Plaintiff's Motion to Remand should be denied.

## ISSUE

The issue before the Court is whether Michels was improperly joined to this lawsuit. If the Court finds that Michels was improperly joined, the Court has subject matter jurisdiction over this suit and must deny the Plaintiff's Motion to Remand.

## ARGUMENT

This Court has jurisdiction over the subject matter of this case pursuant to U.S.C. § 1332 because this is a civil action in which the properly joined parties are citizens are different states and where the amount in controversy exceeds $75,000.00. Michels is improperly joined to this suit. As such, his citizenship should be disregarded when determining whether this Court has diversity jurisdiction over Plaintiff's claims against Continental. As Plaintiff is a Texas citizen residing in Borden County, Texas, and Continental is a corporation formed under the laws of Iowa with its principal place of business in Iowa, this Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1441, 1446 and applicable case law.

### A. Standards Governing Removal

A defendant may remove an action to federal court if that court would have original jurisdiction over the case. 28 U.S.C. § 1441(a). To establish jurisdiction based on diversity, complete

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**                                          Page 2

diversity of citizenship must exist among the properly named parties and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. The doctrine of improper joinder allows a Court to disregard citizenship of a non-diverse defendant when: (1) there is actual fraud in the pleading of jurisdictional facts; or (2) a plaintiff cannot establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). There are no allegations of actual fraud in the pleading of jurisdictional in this case. When determining if the second ground for improper joinder is met, the Court evaluates the pleading under a Fed. R. Civ. P. 12(b)(6) analysis to determine if there is a "reasonable basis" to support plaintiff's claim against the non-diverse party. *Int'l Energy Ventures Mgmt. LLC v. United Energy Group Ltd.,* 818 F.3d 193, 200 (5th Cir. 2016). A theoretical basis is not sufficient and there must be a "factual fit between the plaintiff's allegation and the pleaded theory of recovery." *Moore v. State Farm Mut. Auto. Ins. Co.*, 2012 U.S. Dist. LEXIS 127564, *8-9 (S.D. Tex. September 6, 2012)(citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461-62 (5th Cir. 2003) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999)).

In order to establish a reasonable basis for the Court to predict that Plaintiff may be able to recover against Michels, Plaintiff's pleading must identify a cause of action recognized under state law and allege facts that support the cause of action. *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). Bare legal conclusions that lack factual underpinnings do not state a viable claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The court is under no obligation to accept as true allegations contained in a complaint that amount to legal conclusions. *Id.* at 1949-50. It is not sufficient for Plaintiff to simply plead a cause of action that exists in the abstract, with conclusory allegations that the local defendant has violated that law. *See Kris Hospitality LLC v. Tri-State Ins. Co of Minn.*, NO. SA-16-CV-01229-XR, 2017 WL 437424, at *5 (W.D. Tex. Jan. 31, 2017) ("the mere theoretical possibility that a cause of action may be asserted against a non-

diverse defendant is not enough to require remand"). Instead, "whether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery." *Griggs*, 181 F.3d at 701. In other words, Plaintiff's pleading must do more than merely make allegations that are consistent with actionable conduct; Plaintiff's pleading must be sufficiently detailed to allow a court to infer Plaintiff's alleged right to relief is plausible. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff asserts claims against Michels for alleged violations of Chapter 541 of the Texas Insurance Code. *See* Doc. 19-1 at 8-10. However, Plaintiff fails to allege "specific actionable conduct" sufficient to support the causes of action asserted, and therefore fails to state a claim upon which relief may be granted for such statutory violations. *Griggs*, 181 F.3d at 699. First, the pleading fails to allege conduct for which an adjuster, as opposed to a carrier, can be held liable. Second, Plaintiff's pleading is merely a parroting of the statutes and fails to allege facts that would support a violation. For the reasons discussed below, Plaintiff's statutory claims should be dismissed for failure to state a claim.

### B. Plaintiff fails to state a claim against Michels for violations of Chapter 541 of the Texas Insurance Code upon which relief can be granted

In its Motion to Remand and Brief in Support, Plaintiff devotes a considerable portion of its motion to addressing an argument Continental never made in its Notice of Removal, as well as to copying and pasting their boilerplate, undifferentiated allegations against Michels. Ultimately, Plaintiff fails to demonstrate why Michels was properly joined.

As an initial matter, Continental does not argue that an adjuster cannot theoretically be liable for violating Chapter 541 of the Texas Insurance Code. Determining that Michels can be held liable under the Texas Insurance Code, however, does not necessarily mean he has been properly joined

here. The Court must still consider the sufficiency of Plaintiff's pleading to determine whether there is a reasonable basis upon which it could predict that Plaintiff could recover against Michels in Texas state court. In this case, Michels is improperly joined because Plaintiff fails to state a claim against him upon which relief can be granted because Plaintiff's allegations amount to conclusory statements and boilerplate recitations of statutory language.

Plaintiff asserts Continental and Michels collectively violated 541.060 by (1) misrepresenting one or more material facts and/or policy provisions relating to coverage; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear; (3) failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of or offer of a compromise settlement of Plaintiff's claims; (4) failing to affirm or deny coverage within a reasonable time; and (5) refusing to pay a claim without conducting a reasonable investigation. In other words, Plaintiff alleges the Adjuster Defendants violated Sections 541.060(a)(1), (a)(2)(A), (a)(3), (a)(4) and (a)(7).  Doc. 19-1 at 8-10.

1. **Texas Insurance Code §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7)**

Although an adjuster is a "person" against whom an action for certain violations of Chapter 541 of the Texas Insurance Code may lie, for an adjuster to be liable for violations of the Texas Insurance Code as an individual, the adjuster must have committed some act that is prohibited by statute, not just be connected to an insurance company's denial of coverage. *See Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014). Plaintiff fails to allege conduct by Michels individually that violates the statute.

Plaintiff fails to allege facts that would otherwise support claims under the Sections 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(4), and 541.060(a)(7) of the Texas Insurance Code.  In order to establish a reasonable basis upon which the Court may predict that Plaintiff can recover against Michels for violations of the Texas Insurance Code, Plaintiff's pleading

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**                                    Page 5

must do more than allege violations in conclusory terms. *Iqbal*, 129 S. Ct. at 1950. Parroting the statutory language without attempting to connect specific conduct of the defendant to such violations is conclusory and fails to state a claim. *See DTND Sierra Invs. LLC v. Bank of Am., N.A.*, 871 F. Supp. 2d 567 (W.D. Tex. 2012).

To state a claim for which relief may be granted, Plaintiff must allege facts that support the cause of action. *See Larroquette*, 466 F.3d at 376. Bare legal conclusions that are unsupported by any factual underpinnings do not state a viable claim. *See Iqbal*, 129 S.Ct. at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The tenet that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions. *Id.* at 1949-50. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Twombly*, 550 U.S. at 566-69 (2007). Plaintiff's pleading fails to comply with the requirements of Rule 8 that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Moreover, "[c]laims alleging violations of the Texas Insurance Code . . . are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *see also Bige, Inc. v. Penn-America Ins. Co.*, 2015 U.S. Dist. LEXIS 119357, *9-10, 2015 WL 5227726 (W.D. Tex. Sept. 8, 2015) ("Texas district courts, however, consistently apply Rule 9(b)'s requirements to claims under the Texas Insurance Code") (collecting cases). Compliance with Rule 9(b) "requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724, *modified on other grounds*, 355 F.3d 356 (5th Cir. 2003). That is, Rule 9(b)'s particularity requirement "requires 'the who, what, when, where, and how' be laid out." *Benchmark Elecs.*, 343 F.3d at 724.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**                                    Page 6

Plaintiff's pleading merely tracks the statutory language with conclusory allegations that Michels violated the statutes. *See* Doc. 19-1 at 5, 8-10. Plaintiff pleads that Michels violated the Insurance Code by "misrepresenting one or more material facts and/or policy provisions relating to coverage." Doc. 1-1 at 6. Such conduct is prohibited by Tex. Ins. Code § 541.060(a)(1). In the context of insurance, to be actionable, a misrepresentation must be both specific and affirmative. *See Metro Hospitality Partners, Ltd. v. Lexington Ins. Company*, 84 F.Supp.3d 553, 573 (S.D. Tex. 2015) (Rosenthal, J.). Moreover, "[t]he misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage." *Elizondo v. Metro. Lloyds Ins. Co. of Tex.*, 2016 WL 4182729, at *3 (E.D. Tex. Aug. 8, 2016). As demonstrated below, Plaintiff's pleading fails to provide these requisite factual specifics to support claims for violations of Section 541.060(a)(1) and therefore fails to state a claim upon which relief can be granted under either statute. Further, Plaintiff also fails to allege how it relied on or was damaged by the alleged misrepresentations. Thus, Plaintiff fails to state a claim on the misrepresentations it alleges Michels made under the Texas Insurance Code. *See Partain v. Mid-Continent Specialty Ins. Services, Inc.*, 838 F. Supp. 2d 547, 561 (S.D. Tex. 2012), *aff'd sub nom.; Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388 (5th Cir. 2014)(granting 12(b)(6) motion to dismiss when the plaintiff failed to plead reliance and causation on allegedly false statements).

Section 541.060(a)(2)(A) makes "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear" an unfair settlement practice. "[T]his section applies to conduct that precedes the settlement of a claim." *Thomas v. State Farm Lloyds*, No. 3:15-cv-1937-B, 2015 U.S. Dist. LEXIS 150130, at *10 (N.D. Tex. Nov. 4, 2015). Additionally, the statutory language makes clear that actionable conduct must occur after "the insurer's liability has become reasonably clear." Tex. Ins. Code § 541.060(a)(2)(A). Thus, to state a claim, Plaintiff must allege facts showing Michels engaged in conduct after Continental's liability was reasonably clear, but before the settlement of the claim,

that demonstrates a failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim.

Section 541.060(3) makes it unlawful to "fail to promptly provide to a policyholder a reasonable explanation of the basis in the policy … for the insurer's denial of a claim." Tex. Ins. Code § 541.060(3). Here, Plaintiff's allegations are wholly conclusory statements which track the statutory language. *See* Doc. 19-1 at 6, 10-11. As demonstrated below, Plaintiff provides no factual specifics describing how Michels violated this provision of the Texas Insurance Code.

Section 541.060(4) makes it an unfair settlement practice to "fail within a reasonable time to affirm or deny coverage of a claim to a policyholder or submit a reservation of rights to a policyholder." Tex. Ins. Code § 541.060(4). Again Plaintiff provides nothing more than conclusory statements that Michels violated the statute coupled with a recitation of the statutory language. Plaintiff does not provide any facts to support the failure to promptly provide a reasonable explanation for the determination regarding coverage, again failing to show the Court there is a reasonable possibility of recovery against Michels under this Section.

Finally, Section 541.060(a)(7) prohibits the "[refusal] to pay a claim without conducting a reasonable investigation with respect to the claim." Plaintiff alleges in conclusory fashion that Michels' investigation was not thorough, but elsewhere Plaintiff acknowledges it was Defendant Continental – not Michels – who "continues to delay in the payment for the damages to the property." *See* Doc. 19-1 at 6.  As shown below, Plaintiff fails to plead facts describing *how* Michels failed to perform a thorough investigation, *what* damages Michels omitted, or *why* such damages should have been included. (emphasis added)  Plaintiff again fails to state a valid claim against Michels.

While this Court and others have concluded an adjuster may be liable for a violation of Sections 541.060(a)(1), (a)(2)(A), (a)(3), (a)(4) and (a)(7), "[t]hat conclusion, however, does not

relieve plaintiffs of their responsibility to 'plead[] factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas*, 2015 U.S. Dist. LEXIS 150130, at *9-10. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5ᵗʰ Cir. 1993). Moreover, "[c]onclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not improperly joined." *Vazquez v. Wal-Mart. Assocs., Inc.*, No. 3:11-cv-2739-G, 2012 U.S. Dist. LEXIS 94460, at *9 (N.D. Tex. July 9, 2012) (quoting *Randle v. SmithKline Beecham Corp.*, 338 F. Supp. 2d 704, 708 (S.D. Miss. 2004)) (internal quotation marks omitted). In this case, Plaintiff's pleading regarding the basis of its claims against Michels are conclusory statements that fail to meet the applicable standards of Rules 8(a) and 9(b).

Conclusory means "[e]xpressing a factual inference without stating the underlying facts on which the inference is based." *Merritt Hawkins & Assocs., LLC v. Gresham*, 948 F. Supp. 2d 671, 675 (N.D. Tex. June 7, 2013) (quoting Black's Law Dictionary 329 (9th ed. 2009)) (internal quotation marks omitted). Plaintiff makes the following allegations regarding Michels, each of which is either a conclusory or generic allegation which cannot support a claim, or fails to make a plausible claim that Michels violated the applicable Sections of the Texas Insurance Code.

> a.    "Michels based his claim decision on second hand information from an unlicensed inspector sent to deny the claim" and "failed to perform a thorough investigation of the claim by never inspecting the property." Doc. 19-1 at 5.

Here, Plaintiff's Petition is missing key facts regarding the inspection of Plaintiff's Property. Where the state court petition omits discrete facts, a district court may pierce the pleadings and conduct a summary inquiry to determine whether the plaintiff states a valid claim. *See Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5ᵗʰ Cir. 2006). Though Michels himself never visited the property in Gail, Texas, he did assign the claim to independent adjuster John Garland ("Garland") who inspected the property on July 12, 2016. Exhibit A at 1. Garland's report includes 124 photographs

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**                                      Page 9

of the interior and exterior of the property, demonstrating that he did, in fact, inspect the property

and provide a report to Michels. Plaintiff fails to address Garland in his pleading or Motion to

Remand. Instead, Plaintiff alleges Michels violated the Texas Insurance Code because he did not

personally inspect the property, while wholly failing to mention that an independent adjuster

inspected the property on behalf of Continental at Michels' request. Given a more complete factual

picture of the inspection of Plaintiff's property, it is clear Plaintiff fails to make a plausible claim that

Michels "misrepresent[ed] one or more material facts and/or policy provisions relating to coverage,"

or failed "to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a

claim with respect to which the insurer's liability has become reasonably clear." Tex. Ins. Code §§

541.060(1) and (a)(2)(A).

> b. "Michels was improperly trained and performed an outcome oriented and
> unreasonable investigation of Plaintiff's damages" and "[t]he outcome
> oriented investigation of Plaintiff's claim resulted in a biased evaluation of
> Plaintiff's damages to the Property and the estimated damages were severly
> underestimated." Doc. 19-1 at 9.

This statement is entirely devoid of factual specifics. How was Michels improperly trained? How was

the investigation outcome oriented or unreasonable? Plaintiff again fails to plead a viable claim that

Michels failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the

claim after liability became reasonably clear.

> c. "Michels did not properly assess all damages caused by the Storm and
> omitted covered damages from the report including the full extent of damage
> to the roof." Doc. 19-1 at 9.

This statement is entirely conclusory. Despite Plaintiff's desire for a different outcome, this amounts

to nothing more than a bona fide dispute about coverage, which does not show Continental's

liability was "reasonably clear." *See Richardson East Baptist Church v. Phila. Indem. Ins. Co.*, 2016

Tex.App. LEXIS 3267, *29-30 (Tex.App.—Dallas 2016, no pet.). Plaintiff fails to show how

Continental's liability was reasonably clear and fails to demonstrate how Michels failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim.

> d. "Michels failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement. Specifically, Defendant Michels failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made." Doc. 19-1 at 10.

As an initial matter, Plaintiff's Petition again leaves out key facts. As discussed previously, where the state court petition omits discrete facts, a district court may pierce the pleadings and conduct a summary inquiry to determine whether the plaintiff states a valid claim. *See Salazar*, 455 F.3d at 574. In a letter dated August 5, 2016, Michels provided Plaintiff with the results of his investigation as well as an explanation as to why payment was not forthcoming. *See* Exhibit B. Despite Plaintiff's claims to the contrary, and despite Plaintiff's dissatisfaction with the outcome of his claim, the letter clearly demonstrates that Michels did explain the results of the investigation. Even without considering the letter, Plaintiff's allegations of wrongdoing under Section 541.060(a)(3) fails to address how Michels' explanation was not prompt and fails to address why that explanation was not reasonable. Moreover, Plaintiff's assertion that Michels "failed to offer Plaintiff adequate compensation" is contradicted by Plaintiff's own prior assertion that "[t]o date, **Defendant Continental** continues to delay in the payment for the damages to the Property." Doc. 19-1 at 11, 6. (emphasis added). These conclusory and contradictory allegations fail to provide the Court with a reasonable basis to predict Plaintiff can recover against Michels.

> e. "Michels' unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair or deceptive act or practice in the business of insurance." Doc. 19-1 at 11.

Plaintiff again fails to address the letter sent by Michels on August 5, 2016. *See* Exhibit B. Further, these allegations are entirely conclusory. Plaintiff fails to provide any factual specificity whatsoever in support of its claims under Section 541.060(a)(4). Instead, these allegations are merely a recitation of

the elements of the Texas Insurance Code, and as such, fail to provide the Court a reasonable basis to predict that Plaintiff can recover against Michels.

Plaintiff's remaining allegations against Michels combine the above "facts" with boilerplate, conclusory allegations of wrongdoing generally against the undifferentiated Defendants. As such, Plaintiff's pleading fails to allege facts that would support the proposition that Michels failed to properly investigate, provide an explanation, or effectuate a prompt, fair, and equitable settlement of the claim. Plaintiff has only pleaded a theoretical possibility that Michels can be held liable under Sections 541.060(a)(1), (a)(2)(A), (a)(3), (a)(4) and (a)(7) in this case. *See Smallwood*, 385 F.3d at 573 (holding that pleadings must show more than a "mere theoretical possibility of recovery"). Because Plaintiff's allegations are conclusory and at most provide only a theoretical possibility of recover, there is no reasonable basis for the Court to predict Plaintiff might recover against non-diverse Defendant Michels under these theories.

### C. Plaintiff's Summary Judgment Evidence

Continental asks the Court to disregard Plaintiff's summary judgment-type evidence. Though the Court may also pierce the pleadings and conduct a summary judgment-like inquiry "to identify the presence of discrete and undisputed facts," such an inquiry is typically focused on identifying facts "that would preclude plaintiff's recovery against the in-state defendant" rather than on proving the merits of Plaintiff's claims. *Salazar*, 455 F.3d at 574. Here, Plaintiff offers summary-judgment evidence not to bring omitted, discrete, and undisputed facts to the Court's attention, but rather seems to be an attempt to convince the Court that he has sufficient evidence to support causes of action against Michels. While the Court has broad discretion to consider summary-judgment-type evidence, it would be inappropriate to consider Plaintiff's documents since, as Plaintiff states in his Motion to Remand, "the focus of the inquiry must be on the joinder, not on the merits of Plaintiff's case." Doc. 18 at 6. When determining whether removal jurisdiction exists, the claims in the state

court petition are considered as they existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). A district court should not conduct an evidentiary hearing on questions of fact in order to make a determination as to whether diversity exists. *See Smallwood*, 385 F.3d at 574. In this instance, the evidence cited by Plaintiff does not bring discrete, omitted facts to the Court's attention and the Court should disregard these documents for purposes of determining subject matter jurisdiction.

## ATTORNEYS' FEES

Plaintiff requests attorneys' fees on the basis of "improper removal" and "complete disregard of the case law in this district." The United States Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal" and "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005); *see also Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000) ([t]he application of §1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case."). Here, it is clear Continental had an objectively reasonable basis for seeking removal. This response cites numerous Northern District opinions in which courts have held that removal was proper in cases similar to this one. Continental's removal of this suit and its position that Michels was improperly joined for the purpose of defeating diversity jurisdiction is not only right on the law, but is objectively reasonable given Northern District of Texas precedent on this issue. The fact that the plaintiff has not alleged any specific conduct on the part of Michels that indicate individual liability demonstrates that Michels was improperly joined and that a reasonable basis for removal existed.

Additionally, the Northern District has routinely refused to award attorneys' fees in cases similar to this one, even on the occasions in which it has granted remand. *See Gibson v. Liberty Ins.*

*Corp.*, 2017 WL 3268028 (N.D. Tex. July 31, 2017); *TMV, LLC v. Choice Mech., Inc.*, 2014 WL 4358482 (N.D. Tex Sept. 3, 2014); *Patton v. ADESA Tex., Inc.*, 985 F. Supp. 2d 818 (N.D. Tex. Dec. 4, 2013); *Western States Asset Mgmt. v. AIX Specialty Ins. Co.*, 2013 WL 3349514 (N.D. Tex. July 3, 2013). As reasoned in *Gibson*, even when the Court determines that remand is proper, seeking removal based on improper joinder is not objectively unreasonable, "particularly in light of conflicting district court opinions regarding personal liability of insurance adjusters under the various provisions of the Texas Insurance Code." 2017 WL 3268028 at *27; *see also Ferguson v. Sec. Life of Denver Ins. Co.*, 996 F. Supp. 597, 604 (N.D. Tex. 1998) (denying non-removing party's motion for attorney's fees despite granting its motion to remand where the law underlying the removal was unsettled).

Rule 11 also permits a court to impose sanctions "against a party who signs a pleading that is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for its extension, or (3) interposed needlessly and solely for the purpose of delay." Fed. R. Civ. P. 11. Like sanctions under § 1447(c), district courts have similar "broad discretion" in determining whether to award Rule 11 sanctions. *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1027 (5th Cir. 1994). As demonstrated above, and given numerous examples of similar cases in the Northern District where remand was denied, there is no basis for sanctions under Rule 11 because Continental had a reasonable argument for seeking removal based on other similar cases before the Northern District of Texas. Further, Plaintiff's Motion to Remand fails to demonstrate that the removal of this case was not well grounded in fact or removed solely for the purpose of delay. Accordingly, Continental respectfully requests that this Court deny the plaintiff's request for attorneys' fees and costs.

## CONCLUSION

Plaintiff's Petition shows no reasonable basis for this Court to predict that Plaintiff may recover against Michels. Without a specific allegation of actionable conduct, there is no "factual fit"

between Plaintiff's allegations and the pleaded theory of recovery against Michels. *See First Baptist Church of Mauriceville v. Guide One*, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008). Each of the claims Plaintiff asserts against Michels suffers from a fatal defect:  either the claim is not cognizable in law or Plaintiff has failed to plead sufficient facts supporting essential elements of the claim. Accordingly, this Court should dismiss Plaintiff's claims against Michels pursuant to Federal Rules of Civil Procedure 12(b)(6).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Continental Western Insurance Company respectfully requests dismissal of Plaintiff's claims against him for violations of the Texas Insurance Code as stated in Plaintiff's pleading and for any such other and further relief to which it may be justly entitled.

Respectfully submitted,

/s/Jennifer G. Martin
**JENNIFER G. MARTIN**
Texas State Bar No. 00794233
Email: Jennifer.Martin@wilsonelser.com
**MICHAEL D. ROSE**
Texas State Bar No. 24035610
Email:  Michael.Rose@wilsonelser.com

**WILSON ELSER MOSKOWITZ EDELMAN &
DICKER, LLP**
Bank of America Plaza
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
(214) 698-8000 Phone
(214) 698-1101 Facsimile

**ATTORNEYS FOR DEFENDANTS
CONTINENTAL WESTERN INSURANCE
COMPANY, AND CHRISTOPHER LEE
MICHELS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record in accordance with the Federal Rules of Civil Procedure, on this 7th day of November, 2017.

Matthew J. Worrall
WORRALL LAW GROUP, PLLC
1770 St. James Place, Ste. 100
Houston, Texas 77056
Telephone (713) 523-5500
Fax (713) 583-3411
Email: mworrall@worralllaw.com
Attorneys for Plaintiff

*/s/ Jennifer G. Martin*
**JENNIFER G. MARTIN**

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**                    Page 16