Case 5:17-cv-00222-M-BQ   Document 23   Filed 12/29/17   Page 1 of 15   PageID 886

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2017 DEC 29  AM 11: 17

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOHN RICHARD ANDERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:17-CV-222-M-BQ |
| | § | |
| CONTINENTAL WESTERN INSURANCE COMPANY, BERKLEY NATIONAL INSURANCE COMPANY F/K/A UNION STANDARD INSURANCE COMPANY, AND CHRISTOPHER LEE MICHELS, | § § § § § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff John Richard Anderson (Plaintiff or Anderson) filed a Motion to Remand and Brief in Support (ECF No. 18), to which Defendant Continental Western Insurance Company (Continental) has filed its response. ECF No. 21. Plaintiff did not file a reply.

Pursuant to 28 U.S.C. § 636(b) and a standing order of reference (*see* ECF No. 17), United States Chief District Judge Barbara M. G. Lynn referred this case to the United States Magistrate Judge for pretrial management. In accordance with the order of reference, the undersigned issues the following findings of fact and conclusions of law, and **RECOMMENDS** that this action be remanded to state court for the reasons explained below.

I. **Background**

On August 23, 2017, Anderson filed his Original Petition in the 132nd Judicial District Court of Borden County, Texas. Defs.'s Notice of Removal, Ex. 1, at 1 (ECF No. 1-2) [hereinafter Pl.'s Original Pet.]. Through his Petition, Anderson alleges that on June 5, 2016, a hail and/or windstorm struck Borden County and caused extensive damage to his home. *Id.* at 3. Anderson

filed a claim with Continental (and Berkley National Insurance Company[1]) for the damages sustained. *Id.* Continental assigned Defendant Christopher Lee Michels as the adjuster for the claim. *Id.* at 4. In regard to his claims against Michels, Anderson alleges Michels: (1) was not properly trained; (2) denied his claim without physically inspecting the property; (3) failed to properly assess all damages caused by the storm; (4) omitted covered damages from the report; (5) failed within a reasonable time to either affirm or deny coverage on the claim; and (6) performed an "outcome oriented investigation" of the claim, severely underestimating damages to the property. *Id.* at 4, 8, 10. Anderson claims Michels's conduct violated Texas Insurance Code § 541.060(a)(1), (a)(2)(A), (a)(3), (a)(4), and (a)(7).

On September 22, 2017, Defendants timely removed the case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). Defs.'s Notice of Removal, at 2, 4 (ECF No. 1). Defendants contend that the court possesses diversity jurisdiction under 28 U.S.C. § 1332 because Anderson, who is a citizen of Texas, improperly joined Michels, also a citizen of Texas, for the purpose of defeating diversity. *Id.* at 2. On October 17, 2017, Anderson filed the instant Motion to Remand, arguing that Michels is properly joined as a defendant; thus, complete diversity cannot exist and the case must be remanded to state court. ECF No. 18. On November 7, 2017, Continental filed its response, claiming that: (1) Anderson fails to allege conduct for which Michels, as an insurance adjuster, may be held liable under the Texas Insurance Code; and (2) Anderson's allegations against Michels recite "boilerplate" and conclusory language instead of specific facts that state a viable claim. ECF No. 21. Continental argues that Michels is therefore

---

[1] Anderson originally filed suit against Continental and Berkley National Insurance Company (Berkley). *See* Pl.'s Original Pet., at 1. On October 3, 2017, however, Anderson filed a motion to dismiss Berkley without prejudice (ECF No. 14), which the district court granted on October 10, 2017. ECF No. 16. Berkley is therefore no longer a party to this lawsuit.

2

improperly joined and, as a result, the court possesses subject matter jurisdiction over this action. *Id.*

## II. Legal Standards

The jurisdiction of federal courts is limited. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) ("'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"); *see Howery v. Allstate*, 243 F.3d 912, 916 (5th Cir. 2001). Thus, a court "must presume" a suit lies outside its limited grant of jurisdiction, and the burden of establishing jurisdiction lies with the party seeking to invoke the federal forum. *Howery*, 243 F.3d at 916. A defendant seeking to remove a case to federal court satisfies its burden by showing a basis for federal jurisdiction and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court an action filed in state court if the action could have originally been filed in the federal forum. Courts, however, strictly construe § 1441 "because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir.1995).

Where a defendant removes the case under § 1332 on the basis of diversity of citizenship, as in the present case, a district court may properly exercise jurisdiction after removal only if: (1) the parties are of completely diverse citizenship; and (2) none of the properly joined defendants is a citizen of the state in which the case is brought. *See* 28 U.S.C. § 1441(b). Removal based on

diversity of citizenship is improper where "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* If, however, the removing defendant establishes that the plaintiff improperly joined a non-diverse defendant, the case may nevertheless be removed, despite the presence of the non-diverse defendant. *See Boze Mem'l, Inc. v. Travelers Lloyds Ins. Co.*, No. 3:12-cv-4363-M, 2013 WL 775362, at *2 (N.D. Tex. Feb. 28, 2013) (citing *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006)).

A defendant who alleges improper joinder in support of its petition for removal faces the secondary burden—described by the Fifth Circuit as a "heavy one"—of showing either: "(1) the plaintiff *has* stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff *has not* stated a claim against a defendant that he properly alleges is nondiverse." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)) (emphasis in original); *see Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quoting *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)) ("The doctrine of improper joinder is a 'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'"). Because the parties agree that Michels is, in fact, non-diverse (*see* Pl.'s Mot. to Remand, at 3 (ECF No. 18); Def.'s Resp., at 2 (ECF No. 21)), the court will consider only the second method for establishing improper joinder.

Under the latter method, Continental must demonstrate "that there is no possibility of recovery by the plaintiff against [a non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a non-diverse] defendant." *Int'l Energy*, 818 F.3d at 200 (quoting *Smallwood*, 385 F.3d at 573). To determine whether the plaintiff has stated a claim against the non-diverse defendant,

the court must generally conduct a Federal Rule of Civil Procedure 12(b)(6)-type analysis—"examining the allegations in the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Alternatively, the court may pierce the pleadings and conduct a summary judgment-like inquiry if the complaint "has omitted discrete facts." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). The Fifth Circuit, however, has "caution[ed] that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the [non-diverse] defendant." *Smallwood*, 385 F.3d at 573–74.

With respect to the 12(b)(6)-type analysis, the Fifth Circuit recently clarified that the federal pleading standard—not a state's—applies in determining whether the plaintiff improperly joined a non-diverse defendant. *See Int'l Energy*, 818 F.3d at 201–01 (abrogating three post-*Smallwood* Fifth Circuit cases that applied a state pleading standard instead of the federal standard). Under the federal pleading standard, the plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's complaint must provide more than "labels and conclusions" and must not merely restate the elements of a cause of action. *Id.* And while the court must accept all of the plaintiff's factual allegations as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). As the Supreme Court has made clear, "a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014)).

"Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 358 F.3d at 573. Moreover, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

### III. <u>Discussion</u>

In their papers before the court, the parties focus solely on whether Anderson has stated a plausible claim for relief against Michels under chapter 541 of the Texas Insurance Code. Pursuant to the Texas Insurance Code, a person—defined as "an individual . . . or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor"—may not engage in "an unfair method of competition or an unfair or deceptive act or practice in the business of insurance . . . ." Tex. Ins. Code §§ 541.002(2), 541.060(a). Anderson alleges, among other violations, that Michels engaged in unfair settlement practices, and unfair or deceptive acts, in violation of Texas Insurance Code § 541.060(a)(1), (a)(2)(A), (a)(3), (a)(4), and (a)(7). *See* Pl.'s Original Pet., at 9–10. Conversely, Defendant contends that Anderson failed to "allege conduct for which an adjuster, as opposed to a carrier, can be held liable." Def.'s Resp., at 4. Defendant also argues that Anderson, who he alleges has asserted nothing more than "conclusory statements and boilerplate recitations of statutory language," has failed to allege specific facts demonstrating that Michels violated § 541.060. *Id.* Construing the Original Petition in its entirety, the court finds Defendant has not met its heavy burden of establishing that Anderson has no possibility of recovery against Michels, and therefore recommends that Anderson's Motion to Remand be granted.

A.     **The court declines to pierce the pleadings and engage in a summary inquiry.**

Initially, the court notes that Anderson attached numerous documents in support of his Motion to Remand that are not a part of the original pleadings in state court. *See* Pl.'s Mot. to Remand, at Exs. A–G. Only in cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder" (i.e., preclude recovery against the in-state defendant), may the court "pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573–74 ) ("Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined."). The court declines to engage in a summary inquiry in this instance, because Continental challenges whether Anderson has in fact stated a claim against Michels—it makes no assertion that Anderson misstated or omitted discrete facts in attempting to establish the propriety of Michels's joinder. *See* Def.'s Resp., at 12–13; *see also Vaughan v. State Farm Lloyds*, Civ. No. MO-15-CA-17, 2015 WL 13134509, at *1 (W.D. Tex. Aug. 5, 2015) (citing *Smallwood*, 385 F.3d at 573) (finding that summary inquiry is "limited to circumstances where the plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder"); *Barton v. IPEX USA LLC*, No. 5:12-CV-034-C, 2012 WL 12886978, at *2 (N.D. Tex. May 7, 2012) (citing *Smallwood*, 385 F.3d at 574) (declining to engage in a summary inquiry because the presence of discrete and undisputed facts was not at issue in the case). As a result, the court has not considered the extraneous documents Anderson attached to his motion in reaching its determination that the case should be remanded.

**B.     As an adjuster, Michels may be held personally liable under chapter 541 of the Texas Insurance Code.**

To the extent Continental argues that Michels, as an adjuster, cannot be individually liable under § 541.060, its claim is unpersuasive.[2] *See* Def.'s Resp., at 4–5 ("First, the pleading fails to allege conduct for which an adjuster, as opposed to a carrier, can be held liable."). Continental cites *Messersmith v. Nationwide Mutual Fire Insurance Company*, a decision by Judge Solis from the Northern District of Texas, in support of its argument that Anderson has failed to allege facts giving rise to Michels's individual liability. *Id.* at 5. In *Messersmith*, the court concluded that "for an adjuster to be held individually liable, they have to have committed some act that is prohibited by the [Texas Insurance Code], not just be connected to an insurance company's denial of coverage." 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014). Despite acknowledging that an adjuster may theoretically be found liable for violations of the Texas Insurance Code, the *Messersmith* court concluded that under the facts alleged, an adjuster could not violate § 541.060(a)(1), (a)(2)(A), and (a)(7). *Id.* at 724–25.

The court acknowledges a certain degree of uncertainty in the law on this question. The Fifth Circuit has recognized generally that an insurance adjuster may face personal liability for alleged violations of Texas Insurance Code chapter 541. *See Gasch*, 491 F.3d at 282 (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484–86 (Tex. 1998)). Nevertheless, there is disagreement among the lower courts regarding which specific provisions of chapter 541 provide a cause of action against adjusters individually. Specifically, there is a split of authority within the Northern District of Texas regarding whether a cause of action exists against adjusters

---

[2] Continental does not dispute that "theoretically," an adjuster can face individual liability under Texas Insurance Code chapter 541. Def.'s Resp., at 4. Despite this concession, however, Continental apparently argues that Michels is not liable under the specific provisions of chapter 541 based on the facts alleged in Anderson's state court petition.

under certain subsections of § 541.060. *See Cruz v. State Farm Lloyds*, No. 3:17-cv-01541-M, 2017 WL 6447200, at *2–3 (N.D. Tex. Dec. 18, 2017) (Lynn, C.J.) (discussing split of authority with respect to § 541.060(a)(2)(A)); *Exch. Servs.*, 2015 WL 6163383, at *5 (Lynn, C.J.) (noting generally that "[t]his Court has previously held that insurance adjusters can be liable under the provisions at issue here," including § 541.060(a)(1), (a)(2)(A), (a)(3), (a)(4), and (a)(7), and explicitly holding that adjusters can be liable under § 541.060(a)(7)); *Glidewell v. Safeco Ins. Co. of Ind.*, 2015 WL 4868483, at *6 (N.D. Tex. Aug. 13, 2015) (Fish, J.) (declining to follow *Messersmith* and holding an adjuster may be individually liable under § 541.060(a)(1)). *But see, e.g., Gibson v. Liberty Ins. Corp.*, NO. 3:16-CV-3099-B, 2017 WL 3268028, at *8 (N.D. Tex. July 31, 2017) (Boyle, J.) ("This Court has previously held, for instance, that §§ 541.060(a)(4) and (a)(7) do not provide a cause of action against individual adjusters," but concluding an adjuster may be personally liable under § 541.060(a)(2).); *One Way Invs., Inc. v. Century Sur. Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277, at *4–5 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (concluding an adjuster cannot be individually liable under § 541.060(a)(1), (a)(2)(A), and (a)(7)).

Because of this uncertainty, "[i]n the context of a motion to remand, this split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be resolved in favor of remand because '[a]ny ambiguities are construed against removal and in favor of remand to state court.'" *Cruz*, 2017 WL 6447200, at *3 (quoting *Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681, at *4 (W.D. Tex. Oct. 14, 2016)); *see Gray ex rel. Rudd v. Beverly Enters.–Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) (finding that in cases involving claims of fraudulent joinder to defeat removal, "all disputed questions of fact and all ambiguities in state law must be resolved in favor of the plaintiff"); *Acuna v. Brown*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.

1988)) (noting that any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction"). Thus, remand is proper if Anderson has pleaded facts providing a reasonable basis to predict recovery against Michels under state law. *See, e.g., Jaime v. Allstate Tex. Lloyds*, No. 4:17-cv-00253-O-BP, 2017 WL 4676631, at \*4 (N.D. Tex. Sept. 29, 2017), *R. & R. adopted by*, No. 4:17-CV-253-O-BP, 2017 WL 4620902 (N.D. Tex. Oct. 16, 2017) ("Because there is a split in authority and the Court can reasonably read the Texas Insurance Code to apply to individual adjusters, the undersigned concludes that remand is proper if [plaintiff] has pleaded a viable claim against [the adjuster].").

C. **Anderson's motion to be remand should be granted because Anderson has alleged sufficient facts to predict a reasonable basis for recovery against Michels under Texas Insurance Code § 541.060(a)(2)(A) and (a)(7).**

Because insurance adjusters such as Michels can face individual liability under the Texas Insurance Code, the question before the court is whether there is a reasonable basis to predict that Anderson might recover against Michels, the non-diverse, in-state Defendant, under state law. *Smallwood*, 385 F.3d at 573. The heavy burden of establishing that there is no reasonable basis on which to predict that Anderson might recover against Michels falls on Continental. The court finds that at least some of the allegations in Anderson's Original Petition provide a reasonable basis to predict recovery against Michels and that Continental has therefore failed to meet its burden.

Anderson makes the following factual allegations against Michels in his Original Petition filed in state court:

> 15. Defendant Continental assigned Michels as the individual adjuster ("the adjuster") on the claim. The adjuster denied the claim without ever inspecting the property or getting on the roof to inspect the property. Instead, Michels based his claim decision on second hand information from an unlicensed inspector sent out to deny the claim. . . . The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report. The damages the adjuster included in

the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

34. Continental assigned Michels to adjust this claim. Michels was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages. Michels did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof. Michels refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy. . . .

38. Defendant Michels' unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

41. Defendant Michels did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to Continental. Defendant Michels' unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

Pl.'s Original Pet., at 4, 8–10.

Anderson alleges, among other violations, that Michels's conduct violated § 541.060(a)(2)(A) and (a)(7) of the Texas Insurance Code. Under § 541.060(a)(2)(A), a "person" may be liable for "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear." Under § 541.060(a)(7), a "person" may be liable for "refusing to pay a claim without conducting a reasonable investigation with respect to the claim." As several district courts have held, "an adjuster has the ability to affect or bring about the settlement of a claim." *Manziel v. Seneca Ins. Co., Inc.*, No. 3:15-CV-03786-M, 2016 WL 3745686, at *3 (N.D. Tex. July 13, 2016) (citing several cases for support); *see Gibson*, 2017 WL 3268028, at *9 (quoting *Denley Grp., LLC v. Safeco Ins. Co. of Ind.*, No. 3:15–CV–1183–B, 2015 WL 5836226, at *4 (N.D. Tex. Sept. 30,

2016)) (noting that "[a]s the persons primarily responsible for investigating and evaluating insurance claims, insurance adjusters unquestionably have the ability to affect or bring about 'prompt, fair, and equitable settlement' of claims, because it is upon their investigation that the insurance company's settlement of a claim is generally based"). The court finds that the following claims are pleaded with sufficient specificity to offer a "reasonable basis" to predict Anderson might recover against Michels under § 541.060(a)(2)(A) and (a)(7): (1) Michels failed to adequately inspect the property by sending an unlicensed, third party inspector, and he never evaluated the property himself; (2) Michels omitted covered damages from his report; (3) Michels performed an outcome-oriented investigation; and (4) Michels undervalued, among other items, the damage to Anderson's roof. *See Cruz*, 2017 WL 6447200, at *2 (finding a reasonable basis to predict plaintiff might recover against insurance adjuster under § 541.060(a)(2)(A) where plaintiff alleged adjuster only inspected property for twenty minutes, failed to properly identify the scope of damages to plaintiff's property, and "underestimated the cost of repairs to the damages"); *Mary v. Allstate Tex. Lloyd's*, No. 3:16-CV-3383-L, slip. op. at 20–22 (ECF No. 27) (N.D. Tex. Oct. 5, 2017) (Horan, J.) (finding plaintiff stated a claim against adjuster under § 541.060(a)(2)(A) by alleging adjuster undervalued damages to plaintiff's property, particularly the roof, and conducted a "substandard inspection" by spending an "inadequate amount of time inspecting plaintiff's property," and citing several cases with similar allegations for support); *Avila v. Metro. Lloyds Ins. Co. of Tex.*, No. 3:16-cv-3007-L, 2017 WL 1232529, at *12–13 (N.D. Tex. Feb. 21, 2017) (Horan, J.), *R. & R. adopted by*, No. 3:16-CV-3007-L, 2017 WL 1211339 (N.D. Tex. Apr. 3, 2017) (finding plaintiff pleaded sufficient facts to state a claim against adjuster under § 541.060(a)(2)(A) and (a)(7), where plaintiff alleged adjuster conducted a thirty-minute inspection of property, omitted damages from his report, undervalued the cost of repairs to the property, and misrepresented to

plaintiffs that certain damages were not covered, thus underpaying the claim); *Manziel*, 2016 WL 3745686, at *3 (finding a reasonable basis to predict plaintiff might recover against insurance adjuster under § 541.060(a)(7) where plaintiff alleged adjuster "conducted a results-oriented investigation" and did not respond to plaintiffs' "queries as to the status of their claim and [second adjuster's] investigation").

Because Anderson pleaded a sufficient claim (for the limited purpose of demonstrating Anderson might possibly recover on these claims) against Michels under Rule 12(b)(6), the undersigned concludes that Michels was properly joined as a Defendant. As a result, complete diversity of citizenship does not exist, and the district court should therefore remand this action for lack of subject matter jurisdiction.

The court acknowledges that under the federal pleading standard, several of Anderson's allegations may amount to conclusory assertions that merely recite boilerplate statutory language. *See, e.g.*, Pl.'s Original Pet., at 10 (alleging Michels violated § 541.060(a)(4) by "failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff," but including no factual allegations to support his contention). This court need not determine, however, whether Anderson has sufficiently pleaded each cause of action against Michels, the in-state Defendant. Instead, "a single valid cause of action against in-state defendants, despite the pleading of several unavailing claims, requires remand of the entire case to state court." *Smith-Manning v. State Farm Lloyds*, No. 3:13–CV–3056–M, 2013 WL 5637539, at *2 (N.D. Tex. Oct. 14, 2013) (quoting *Gray v. Beverly Enters.-Miss., Inc.*, 5th Cir. 2004)). The undersigned thus recommends that the District Court grant Anderson's Motion for Remand.

**D.     Anderson should not be awarded the reasonable attorneys' fees and costs incurred as a result of the removal.**

In addition to requesting that the court remand this case, Anderson also asks the court to award him attorneys' fees and costs for obtaining a remand in this action. Anderson contends Continental improperly removed the case by disregarding the law of the district and the facts of the case. Pl.'s Mot. to Remand, at 19. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). There is no "automatic entitlement," however, to an award of attorneys' fees and costs. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). If "the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal, the court should not award attorneys' fees, "irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

Here, as the court noted above, there is a split of authority in this district as to whether the law imposes personal liability on an adjuster for violations of Texas Insurance Code § 541.060. Thus, the undersigned recommends the district court conclude that Continental was not objectively unreasonable in seeking removal based on improper joinder, even if the court ultimately determines Michels was properly joined. Accordingly, Anderson should not recover its reasonable attorneys' fees and costs under § 1447(c).

## IV.     Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the United States District Court **GRANT** Plaintiff John Anderson's Motion to Remand (ECF No. 18) and

**REMAND** this action to the 132nd Judicial District Court of Borden County, Texas. The undersigned further recommends that the United States District Court **DENY** Plaintiff's request for attorneys' fees and costs incurred as a result of the removal. Additionally, the undersigned recommends that the United States District Court **DENY** Defendant Christopher Lee Michels's Motion to Dismiss (ECF No. 9) due to a lack of subject matter jurisdiction.[3]

## V. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: December 29, 2017

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] Pursuant to the standing order of reference (ECF No. 17), the undersigned also recommends that the United States District Court **DENY as moot** Defendant Berkley National Insurance Company's Motion to Dismiss (ECF No. 11), as Berkley is no longer a defendant in this action. *See* ECF No. 16.